# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SOUTHERN NAZARENE UNIVERSITY; (2) OKLAHOMA WESLEYAN UNIVERSITY; (3) OKLAHOMA BAPTIST UNIVERSITY; and (4) MID-AMERICA CHRISTIAN UNIVERSITY, <br><br>    *Plaintiffs,* <br><br> v. <br><br> (1) ALEX M. AZAR, II, in his official capacity as Secretary of the United States Department of Health and Human Services; (2) R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor; (3) STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; (4) UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; (5) UNITED STATES DEPARTMENT OF LABOR; and (6) UNITED STATES DEPARTMENT OF THE TREASURY, <br><br>    *Defendants.* | Case No. 5:13-cv-01015-F |

## PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF AND BRIEF IN SUPPORT

In this case, Plaintiffs Southern Nazarene University, Oklahoma Wesleyan University, Oklahoma Baptist University, and Mid-America Christian University (hereinafter "the Universities") challenge a federal mandate that requires them to choose between violating their religious beliefs about the sanctity of human life and paying

millions of dollars in annual fines. Defendants have admitted that imposing the mandate on religious objectors to this mandate violates the Religious Freedom Restoration Act (RFRA). 42 U.S.C. § 2000bb *et seq.* Therefore, this Court should issue a permanent injunction and declaratory judgment in the Plaintiffs' favor pursuant to Fed. R. Civ. P. 65 and 28 U.S.C. § 2201.

## BACKGROUND

### A.  The Affordable Care Act and the HHS Mandate

The Affordable Care Act requires some[1] group health plans to provide coverage to women for "preventive care and screenings," among other things. 42 U.S.C. § 300gg-13(a)(4). The U.S. Department of Health and Human Services (HHS) interpreted this to include all FDA-approved contraceptive methods, including those that sometimes work by causing the demise of very young human beings. *See* http://www.hrsa.gov/womensguidelines (Aug. 1, 2011); *see also* 77 Fed. Reg. 8725 (Feb. 15, 2012).

Although HHS and the other Defendant agencies acknowledged that forcing plan sponsors to cover abortifacients could violate their consciences, they exempted only a relatively small subset of conscientious objectors: churches, conventions or associations of churches, religious orders, and their integrated auxiliaries. 45 C.F.R. § 147.131(a). The government gave other religious objectors (including the Universities) an alternate means of complying with the mandate, speculating that it might satisfy their concerns. Under the

---

[1] The mandate does not apply to "grandfathered" health plans. 42 U.S.C. § 18011 (2010).

so-called "accommodation," plan sponsors communicate their objection to their insurers or third-party administrators, who consequently provide the objectionable items to beneficiaries through the employer's plan. 26 C.F.R. § 54.9815-2713A (Department of the Treasury); 29 C.F.R. § 2590.715-2713A (Department of Labor); 45 C.F.R. § 147.131(b) (Department of Health and Human Services).[2]

With respect to scores of religious objectors, including the Universities, the government's speculation about the moral acceptability of the accommodation was incorrect. The Universities concluded that obeying the mandate via the accommodation's alternative compliance mechanism would constitute morally culpable cooperation with immoral acts, something forbidden by their religious convictions. *See* Pls.' Comp., Dkt. No. 1, ¶¶ 5, 233. They thus faced a choice. They could either follow their religious beliefs and incur unsustainable financial penalties,[3] or violate their religious beliefs by providing access to life-destroying drugs and devices. Faced with this choice, the Universities sought judicial relief.

B.     This Lawsuit

The Universities filed their challenge to the mandate in September 2013, seeking injunctive and declaratory relief. Pls.' Comp., Dkt. No. 1. This Court preliminarily

---

[2] The citations are to regulations that were superseded by the October 2017 Interim Final Rules discussed *infra*. When the Interim Final Rules were preliminarily enjoined, the cited versions of the rules became operative again.

[3] If Plaintiffs excluded the objectionable drugs and devices from their health plans, they would incur fines of $100 per affected beneficiary per day. 26 U.S.C. § 4980D(b)(1). If Plaintiffs dropped their employee health plan to avoid violating their religious beliefs about the sanctity of life, they would incur fines of $2000 per employee per year. 26 U.S.C. § 4980H(c)(1).

3

enjoined application of the mandate to the Universities' employee health plans (and, as applicable, student health plans), concluding that such application likely violated the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and that preliminary relief was otherwise warranted. *S. Nazarene Univ. v. Sebelius*, No. CIV-13-1015-F, 2013 WL 6804265, at *7-11 (W.D. Okla. Dec. 23, 2013), *rev'd sub nom. Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell*, 794 F.3d 1151 (10th Cir. 2015), *vacated and remanded sub nom. Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

The government appealed, Defs.' Not. of App., Dkt. No. 57, and the Tenth Circuit reversed, reasoning that the mandate did not "substantially burden" the Universities' religious exercise under RFRA. *Little Sisters of the Poor Home for the Aged, Denver, Colo. v. Burwell*, 794 F.3d 1151, 1173, 1195 (10th Cir. 2015), *vacated and remanded sub nom. Zubik v. Burwell*, 136 S. Ct. 1557 (2016).

The Supreme Court granted the petitions for writs of certiorari filed by the Universities and six other sets of petitioners. 136 S. Ct. 445 (2015). After the parties submitted briefs, presented oral argument, and filed two rounds of supplemental briefs, the Supreme Court declined to decide the consolidated cases. *Zubik v. Burwell*, 136 S. Ct. 1557 (2016). Instead, it vacated the underlying appellate decisions, including the Tenth Circuit's decision in this case, and remanded to the Courts of Appeals so that the parties could be "afforded an opportunity to arrive at an approach going forward" that would satisfy their respective concerns. *Id*. at 1560. Importantly, the Court declared that "the Government may not impose taxes or penalties on petitioners for failure to provide the relevant notice" that initiates the accommodation process. *Id*. at 1561.

On August 3, 2016, Defendant HHS sent a letter to Plaintiff Oklahoma Wesleyan University's (OKWU) health plan provider, CommunityCare of Oklahoma. *See* Exhibit A. HHS shared its (incorrect) conclusion that OKWU's *filing of its lawsuit* constituted the "self-certification" or "notice" contemplated under the accommodation regulations. *See, e.g.*, 26 C.F.R. § 54.9815-2713A(a)(3) and (c)(1) (Treasury version of rules). HHS claimed that OKWU had thereby triggered the accommodation's alternative compliance mechanism, and, despite this Court's preliminary injunction, ordered CommunityCare of Oklahoma to provide objectionable abortifacients to beneficiaries of OKWU's health plan.

C.     The October 2017 Interim Final Rules

Following the 2016 election, the government revisited its approach to objecting plan sponsors. On May 4, 2017, President Trump issued an Executive Order entitled "Promoting Free Speech and Religious Liberty." Section 3 of that order, entitled "Conscience Protections with Respect to Preventive-Care Mandate," instructed the Departments to "consider issuing amended regulations . . . to address conscience-based objections" to the challenged mandate. Exec. Order No. 13798, 82 Fed. Reg. 21675 (May 4, 2017).

On October 6, 2017, the Defendant Departments issued Interim Final Rules (IFRs) expanding protections for objecting organizations. 82 Fed. Reg. 47792 (Oct. 13, 2017). The Departments concluded that requiring objecting religious organizations to comply with the mandate through the accommodation's alternate mechanism "constituted a substantial burden on the religious exercise of many" religious organizations. *Id*. at 47806. The Departments determined that requiring compliance—with or without the

5

accommodation—"did not serve a compelling interest and was not the least restrictive means of serving a compelling interest." *Id*. They thus concluded that "requiring such compliance led to the violation of RFRA in many instances." *Id*. In order to genuinely accommodate religious organizations' objections, the Departments expanded the "religious employer" exemption from the mandate to include "all bona fide religious objectors." *Id*.

At least eight lawsuits have been filed challenging the IFRs, claiming that the new regulations violate the Administrative Procedure Act (APA) and the Constitution. On December 15, 2017, the United States District Court for the Eastern District of Pennsylvania preliminarily enjoined the expanded religious exemption on the ground that the Departments likely violated the APA by issuing the rules without prior notice and comment. *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017). The Northern District of California did likewise. *California v. HHS*, 281 F. Supp. 3d 806 (N.D. Cal. 2017).[4]

Both courts indicated that their rulings should not impact existing litigation challenging the mandate, leaving this Court the freedom to rule in this case. *Pennsylvania* at 585; *California* at 832; *see also* Opinion denying motion to intervene, *Pennsylvania v. Trump*, No. 2:17-cv-4540, 2017 WL 6206133 (E.D. Pa. Dec. 8, 2017) (denying intervention to religious objector in challenge to IFR in part because intervenor "has the

---

[4] The U.S. District Court for the District of Massachusetts dismissed a substantially identical challenge to the IFRs on the ground that the plaintiff lacked standing to sue. *Massachusetts v. HHS*, No. 17-11930-NMG, 2018 WL 1257762 (D. Mass. Mar. 12, 2018).

option of seeking recourse through its own lawsuit . . . which, while currently stayed, remains open").

## ARGUMENT

To obtain a permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (citing *Fisher v. Okla. Health Care Auth.,* 335 F.3d 1175, 1180 (10th Cir. 2003)).

The standard for a permanent injunction is "remarkably similar to the standard for a preliminary injunction. The only measurable difference between the two is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits." 476 F.3d at 822 (internal citations omitted).

Declaratory relief "does not share injunctive relief's requirement of irreparable harm" and may be issued in order to "clarify the relations between the parties and eliminate the legal uncertainties that gave rise to this litigation." *Levin v. Harleston*, 966 F.2d 85, 90 (2d Cir. 1992); *see also* Wright, Miller & Cooper, 13C *Federal Prac. & Proc. Juris.* § 3533.5 (3d ed.).

The Universities are entitled to a permanent injunction and declaratory judgment because there is no longer any doubt that they have succeeded on the merits of their RFRA claim. Defendants have conceded in the preamble to the IFR discussed above and in similar

7

litigation that challengers like the Universities have succeeded on the merits of their RFRA claims.  82 Fed. Reg. 47792, 47806; *Wheaton Coll. v. Hargan*, No. 1:13-cv-8910, Dkt. No. 117, at 1  (N.D. Ill. Feb. 1, 2018) (Defs.' Resp. to Pl.'s Mot. for Permanent Inj. and Decl. Relief) ("The Government has concluded that requiring employers with sincerely held religious objections to comply with the Mandate or the accommodation process would violate RFRA."); *Reaching Souls Int'l v. Azar*, No. 5:13-cv-1092-D, Dkt. No. 93, at 1-2 (W.D. Okla. Mar. 5, 2018) (Defs.' Resp. to Pl.'s Mot. for Permanent Inj. and Decl. Relief).

In granting the Universities' preliminary injunction motion, this Court has already concluded that they will suffer irreparable harm without an injunction, that this harm outweighs any Defendants will experience if an injunction is granted, and that an injunction is consistent with the public interest.  *S. Nazarene Univ.*, 2013 WL 6804265 at *7-11.  The relevant circumstances have not changed, and there is thus no warrant to revisit these conclusions.

Other federal district courts have awarded permanent injunctions and declaratory relief in substantively identical cases.  *See Wheaton Coll. v. Azar*, No. 1:13-cv-8910, Dkt. No. 119 (N.D. Ill. Feb. 22, 2018); *Catholic Benefits Ass'n v. Hargan*, Nos. Civ-14-240-R and Civ-14-684-R, Dkt. No. 184 (W.D. Okla. Mar. 7, 2018); *Reaching Souls Int'l v. Azar*, No. Civ-13-1092-D, Dkt. No. 95 (W.D. Okla. Mar. 15, 2018).

## CONCLUSION

In light of the foregoing, Plaintiffs Southern Nazarene University, Oklahoma Wesleyan University, Oklahoma Baptist University, and Mid-America Christian

University respectfully request that this Court grant their motion, enter a permanent injunction, and issue a declaratory judgment. Through counsel, the Universities have contemporaneously filed a proposed order.

Respectfully submitted this 16th day of April, 2018.

   *s/ Gregory S. Baylor*

Gregory S. Baylor (Texas Bar No. 01941500)
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (facsimile)
gbaylor@ADFlegal.org

David A. Cortman (Georgia Bar No. 188810)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road, NE, Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@ADFlegal.org

Kevin H. Theriot (Kansas Bar No. 21565)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
ktheriot@ADFlegal.org

John Paul Jordan (Oklahoma Bar No. 22613)
THE JORDAN LAW FIRM
1703 Professional Circle, Suite 501-A
Yukon, OK 73099
(405) 222-8721
(877) 335-5521 (facsimile)
jp@jpjordanlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2018, I electronically filed a copy of the foregoing motion. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Gregory S. Baylor*
                                          Gregory S. Baylor