# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SOUTHERN NAZARENE UNIVERSITY; (2) OKLAHOMA WESLEYAN UNIVERSITY; (3) OKLAHOMA BAPTIST UNIVERSITY; and (4) MID-AMERICA CHRISTIAN UNIVERSITY, | ) ) ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| (1) ALEX M. AZAR, II, in his official capacity as Secretary of the United States Department of Health and Human Services; (2) R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor; (3) STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; (4) UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; (5) UNITED STATES DEPARTMENT OF LABOR; and (6) UNITED STATES DEPARTMENT OF THE TREASURY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 5:13-cv-01015-F |
| *Defendants.* | ) | |

## ORDER ON PLAINTIFFS' MOTION FOR
## PERMANENT INJUNCTION AND DECLARATORY RELIEF

Before the Court is the Motion for Permanent Injunction and Declaratory Relief

from Plaintiffs Southern Nazarene University, Oklahoma Wesleyan University,

Oklahoma Baptist University, and Mid-America Christian University (Plaintiffs). Doc. no. 105.  Defendants' response brief indicates they do not oppose the motion. Doc. no. 108.  No reply brief was filed.

Having considered the parties' briefs and all relevant legal authority, Defendants' representations that they are no longer raising a substantive defense to Plaintiffs' Religious Freedom Restoration Act (RFRA) claims regarding compliance with the HHS Mandate, and rules issued by Defendants with regard to the HHS Mandate, Plaintiffs' motion is GRANTED.

The Court concludes that Plaintiffs have met the standards for injunctive and declaratory relief.

First, Plaintiffs have demonstrated, and Defendants now concede, that requiring Plaintiffs to comply with 42 U.S.C. § 300gg-13(a)(4), to the extent such compliance contradict Plaintiffs' religious beliefs, violates their rights protected by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*

Second, Plaintiffs will suffer irreparable harm unless Defendants are enjoined from violating these rights.

Third, the harm Plaintiffs will suffer in the absence of a permanent injunction and declaratory judgment outweighs any injury to Defendants resulting from this injunction.

Fourth, the public interest in the vindication of religious freedom favors the entry of an injunction and declaratory judgment.

It is therefore ORDERED that this Court's previous preliminary injunction, doc. no. 45, is hereby replaced in its entirety by the following:

It is ORDERED that Defendants, their agents, officers, and employees, and all others in active concert or participation with them, including their successors in office, are hereby PERMANENTLY ENJOINED AND RESTRAINED:

1.  From any effort to apply or enforce the requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of drugs, devices, procedures, patient counseling and education; and

2.  From pursuing, charging, or assessing penalties, fines, assessments, or any other enforcement actions for past, present, or future noncompliance with those requirements, including those found in 26 U.S.C. § 4980D and 29 U.S.C. § 1132, for failing to offer, provide, or otherwise facilitate access to drugs, devices, procedures, patient counseling and education, against Plaintiffs or their insurers and third-party administrators, as their conduct relates to Plaintiffs' health plans.

It is further ORDERED that Defendant HHS shall rescind and retract its August 13, 2016, letter to CommunityCare of Oklahoma and inform CommunityCare of Oklahoma that Plaintiff Oklahoma Wesleyan University did not self-certify or otherwise notify HHS of its objection to the contraceptive mandate under 26 C.F.R. § 54.9815-2713A, 29 C.F.R. § 2590.715-2713A, or 45 C.F.R. § 147.131, and that CommunityCare is not legally obliged to provide coverage or payments to the beneficiaries of Oklahoma Wesleyan University's health plan for drugs, devices, procedures, and services to which Oklahoma Wesleyan University has objected in this lawsuit.

It is further DECLARED that the requirements of 42 U.S.C. § 300gg-13(a)(4), as those requirements relate to the provision of drugs, devices, procedures, patient counseling and education, violate Plaintiffs' rights protected by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*.

It is further ORDERED that any petition by Plaintiffs for attorneys' fees and costs shall be submitted no later than 45 days from the entry of judgment in this case.

It is further ORDERED that this Court shall retain jurisdiction to enforce this order.

SO ORDERED this 15th day of May, 2018.


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


13-1015p023.docx